Thank you. Next case on calendar is Keo v. Blanche. And Mr. Gannon, I just want to make sure you can hear us. I can, Your Honor. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. My name is Jeremy Davison. I am a certified law student under the supervision of Andrew Knapp and the Southwestern Law School Appellate Litigation Clinic. I am appearing by pro bono appointment on behalf of Petitioner Mr. Sokin Keo, who is listening today from the California City Detention Facility. I will monitor my time and aim to reserve about five minutes for rebuttal. We are asking this Court today to deny the government's motion for an open remand, grant the petition, vacate the removal order, and remand with instructions to terminate at the BIA. As a preliminary matter, we do ask this Court to find that the government's belated and bare-bones motion for an open remand to be waived. It comes too late, and it doesn't actually argue the merits of removability. And up until the 11th hour, the government agreed in its own words. The parties appear to agree that this Court should decide the removability question and that there is no reason to remand this case. We humbly ask this Court to hold the government to its words and do what it did in Vasquez v. Blanche. I recognize that that case, this is a case in our first 28J letter. I also recognize that it is not binding on this Court because it is not reported. But that case also dealt with a single charge of removability under California Penal Code 245A and remanded with instructions to terminate because the only ground that the government had pursued was no longer legally valid. The government suggests that this is an extraordinary measure, but it is not. Under the ordinary remand rule, the Court does not remand if there's nothing for the BIA to do. For example, if the BIA needs to further develop the record, if it needs to make a discretionary determination, if it needs to employ its expertise, those are good reasons for this Court to remand for the BIA to do what the statute empowers it to do. However, if this is a purely legal question based on a fixed record, there is nothing for the BIA to do. And this Court has recognized in Fernandez-Ruiz, in Rivera-Cuartas, in Diaz-Currasco, that even if an intervening change in law occurs, a purely legal question is nestled properly within this Court's power, within the Article III power, to make that determination. Well, the problem is that we never got the briefing from the government's side on the merits, right, of that case, of the new case? On Vasquez-Blanche? Correct. You did not get the government's briefing on that side, no. Correct. So you want us to rule on the merits based off of one side of argument? Not at all. The government has been aware since the motion to reconsider that Gomez was the controlling law. Gomez determined that California Penal Code Section 245A is not a crime of violence. And although Gomez was vacated, it hadn't been vacated and was controlling law when it was at the BIA. And so the government was aware that the en banc court could affirm the panel decision, and so it could have asked to remand this case at that point in its answering brief, but it didn't. It asked this court to decide, and we think that that is the appropriate call. But then Gomez came out after the answering brief, correct? That is correct. And it represented a change in the law, at least a change in the interpretation of the law? It did represent an interpretative change in the law, but that doesn't mean that this court should remand back to the BIA when its only legal theory at this point is no longer legally valid. Well, how do we know that? Because we didn't hear the government side. The government never asked for an opportunity to file a served ply or supplemental briefing on the issue? Not at all, Your Honor. And the court did hear the government side on Gomez in its answering brief. It made the argument that... That's the panel decision, right, of Gomez, not the en banc decision. That's correct, Your Honor. However, in their... And in fact, Gomez, if there was an en banc proceedings and Gomez, the mandate never issued in Gomez, right? So it was not necessarily binding law. Gomez is binding law because under the categorical approach, assault with a firearm is not a crime of violence. And if it is not a crime of violence, under 1227, it's not a removable conviction. And as to the government's ability to argue, if the government had an argument that Gomez didn't apply, surely it would have made that argument in its motion to remand, but it didn't take that opportunity to do so. And as Judge Sung points out, the government hasn't asked for that opportunity to do so. Because generally under the ordinary rules, we would just remand it to the agency to decide it Not exactly, Judge Bumate. For example, in Rivera-Cuartas, the intervening change in law occurred after briefing. And in Rivera-Cuartas, the court said, we've already applied this case. So if it is a straightforward, if it is securely covered under this court's precedent, and the court can apply it in a straightforward manner, there is nothing left for the BIA to do. There isn't a further... I guess I agree with, I would agree with that if it's directly on point, but there's two distinctions, right, with Gomez. Well, number one, it's interpretation of the guidelines, correct? Not INA. And two, it's a different subsection of 245A, right? So there's two points of distinction. So therefore, there's two analytical steps we have to make from Gomez to reach the decision here, right? Um, yes and no, Your Honor. There are distinctions, but those distinctions are merely superficial. For example, this court in Begay said that if the statutes are virtually identical, you interpret their plain language in the same manner. So indeed, Gomez handled sentencing guidelines, whereas this is a removability question under 16A. But those sorts of interpretations are analyzed uniformly. As to the subsections, Gomez actually applied the People v. Gomez for its intent requirement when it analyzed crime of violence or the recklessness standard that Borden says is not enough. People v. Williams is a 245A2 case. I know that Judge Thomas says that it's an A1 case, but if Your Honors read People v. Williams, it is an A2 case. And both A1 and A2 derive their intent element from California penal code section 240, which is, you know, an unlawful attempt coupled with a present ability to commit a violent injury on the person of another. So, understandably, Gomez is a different area of law. And there are some minor distinctions, but those distinctions are immaterial. And as a matter of statutory... I guess my only problem is that we just don't know what the government's, if the government agrees. You make compelling arguments, but I'm just saying I would be uncomfortable agreeing to that if we don't even know what the other side is. I don't think that you should be uncomfortable, Justice Bumate, because the government hasn't actually offered an alternative argument. Yes, yes, Gomez came after the answering brief. But again, surely if the government had any argument that the BIA would come to a different outcome below, it would have raised that argument in its motion. It doesn't raise that argument. We believe that it tacitly concedes that Gomez controls this case, that petitioner is not removable as a matter of law. And given that this court is empowered to interpret statutes, Article 3 is the appropriate place to make that call. As Judge Sung pointed out in the previous argument, there is no deference paid to the BIA on this issue. So if the court remanded and the BIA came out to a different interpretation, this court would be compelled to reverse it. There's just no reason for that kind of ping-ponging back and forth between the court and the BIA. And you're concerned he's detained, so the prejudice would be that he's in detain all this time. That's right, Judge Bumate. He is currently detained in California City Detention Facility, a facility that a court has found has not provided adequate medical care or access to counsel. In this clinic's experience, when the court does not direct termination, it could take two or more years for the BIA to give effect to the court's determination. Is there also a habeas petition? There is also a habeas petition. Habeas was granted, but he was denied at the IJ level, the bond hearing. But I think all of that underscores the reality that petitioner is not removable as the government has alleged in their NTA. And it had control of this case from the get-go. It knew what it wanted to charge, and it decided to pursue those charges from beginning to end. And this court expects the government to get it right, not ask it for a do-over right at the moment it realizes it is about to lose. Could the government, if we were to agree with you in Grant's petition and pre-terminate, could they just file another NTA under the other convictions? They could. However, they would have to go through the process of filing another NTA, and we would want to be in the position to argue res judicata that under al-Mutharab, under res judicata, they had these convictions at the time, and they could have raised them. Now, the BIA considers these administrative civil hearings, so it doesn't believe that that res judicata applies. But still, petitioner wishes to be able to make that argument. I also wanted to flag that my time is about up, and I would like to reserve some time for rebuttal, but I would also be happy to answer any of the other questions that the panel might have. Great, thank you. Okay. Mr. Gannon, whenever you're ready. Thank you, your honors. May it please the court, Peter Gannon for the United States Department of Justice. This court's en banc decision in Gomez provides sufficient instruction to the board on how to handle the petitioner's motion to terminate, and the court should grant the motion to remand and apply the ordinary remand rule without reaching the merits via the petition. The ordinary remand rule should apply to give both the board and DHS an opportunity to consider the motion in light of Gomez. DHS has never had the opportunity to brief the issues raised in Gomez or amend the charges of removability, given that the issue of removability never arose until after the removable petitions were completed and the agencies relied on Heron-Celeste from 2009. The three-judge decision in Gomez reached the same conclusion and relied on the same correct? As the en banc decision? As the en banc? Yes, your honor, my understanding is that they're largely the same. And in all the times since the three-judge decision, has the government ever articulated an argument as to why Gomez wouldn't control, effectively control, whether the charge defense made him qualified as a crime of violence? No, your honor, I think given the unique posture of the way the Gomez panel decision was vacated and then the Gomez en banc decision came out after the answering brief, the issue as presented in the answering brief was that Gomez was wrong. Can you offer an argument now? I mean, you've had a long time to consider. You never filed for a motion to file a sir reply or you didn't raise, make any merits arguments in your motion. Can you articulate some reason why this question of law wouldn't come out the way the petitioner is arguing? So, no, your honor, not on the Gomez issue, but I think that that reading of Medina Lara misses the forest for the trees on the issue of removability generally. That the more important issue is that DHS does not have the opportunity to reassess the charge of removability and potentially amend the charge, which it can only do while remover proceedings are ongoing under the regulations. But can't the agency just file a new charge of removal? I mean, why do you need to keep it pending and amend it versus terminate this proceeding and start a new one? So, your honor, as the petitioner points to, at that point, the government would have to deal with res judicata and this court's decision in profit Petroza and its progeny. I think the appropriate ordinary remand rule would allow a remand, a clean remand for DHS to avoid all of that. Allow this court to avoid weighing in on all that where it's unnecessary and respond to the motion to terminate the regulation ACFR 1003.30 is the regulation that allows DHS to amend the charges of removability. They do so through an I-261. That can only be done while remover proceedings are ongoing. At no point since Gomez, even the first panel decision, have removal proceedings been ongoing. They were resolved under Herron Salinas, a 2009 decision of this court that everyone, the DHS, EOIR, the petitioner himself, relied on to find that he was removable as charged. In Medina-Laura, the court emphasized there that DHS had several years and many continuances to cure potential defects in its case because the immigration judge felt the removal charges were not solid. That's simply not what happened here, where DHS relied on this court's 2009 precedent in Herron Salinas to charge the petitioner's removability. The agency and petitioner himself relied on that throughout his proceedings, and then it was following Gomez that all of this had been reopened. The appropriate response, then, is to send the case back under the ordinary remand rule because Medina-Laura simply doesn't apply. This is not what happened here. Here, everyone was relying on a clear precedent from this court holding that petitioner was removable as charged. Sorry. The government always could have included all the charges, all the basis for removability in the original charge, though, correct? There's nothing that stopped it from being more inclusive in the original charge. Is that correct? It certainly could have, Your Honor, but when you have a clean charge for removability that does everything you want, like an aggravated felony does, I think it makes sense to charge solely that ground for removability to keep the case simple and clean. This case is no longer simple and clean, and so I think the board and the agencies generally involved should be allowed the chance to address that. So if I'm understanding you correctly, if this panel grants the petition, then there's potential the government won't be able to issue new NTA with the other convictions as a basis. Is that what you're saying, that there's a potential argument to preclude that? That's why you want it to remand, and if we remand it, you're saying the government can then add the other convictions as potential basis for removal. Is that it? That's certainly the way the petitioner views it, and I think that the ordinary remand rule exists for a reason of not weighing into very thorny issues like that when there is an ordinary remand rule that would apply. What exactly are you relying on to say? It sounds like you're saying it's an open question whether if we terminated this proceeding, the government could issue a new charge of removability. Is that correct? I think so, Your Honor, but I'm not sure. I think this court's precedent on res judicata has been applied pretty narrowly to charges that were not sustained on the merits by the agency and then a new charging document issued. I don't think if this court directs termination and expressly precludes something like the opportunity to amend charges, that DHS wouldn't have an argument to say, well, we didn't get the full opportunity to present this. I'm sorry, I'm really not following you. Dewey, is there a case that says when the charging document included one basis for removability that's determined to be invalid and the removal proceeding is terminated, the government cannot issue a new removal proceeding on a different basis? So, Brava-Pedroza and the cases that followed it generally would foreclose the second charging document. But I'm not sure that any of those cases would involve... On a whole new basis. The case you're saying says the government cannot issue a new order of removability on a completely different basis. Or a ground of removability that could have been charged at the time, Your Honor. But I think the key distinction... What is that case? So, Brava-Pedroza and I believe the cases Petitioner cites too in his res judicata arguments come from that case. But again, Brava-Pedroza doesn't... I don't think any of those cases involve an instance where this court ordered termination and precluded DHS from amending a charge of removability where they previously relied on a longstanding precedent of this court to hold someone removable as charged. And I think that for this court to jump into that without giving the agency the opportunity to assess the charges of removability is where Medina-Lara simply doesn't support. And I think that's the issue. It's whether you should apply the ordinary remand rule or not. And Medina-Lara doesn't get the petitioner there because this is not an unusual or extraordinary circumstance like it was in Medina-Lara. Cancel this. Would your concerns be satisfied if we were to rule that Gomez does govern that his conviction is not an aggregated felony and then remand to the BIA to put this into effect? I think as long as your order made very clear that DHS has allowed the opportunity to pursue alternative removal charges, losing the crime of violence charge under Gomez would not give me heartburn, your honor. Okay. So as long as we don't terminate the removal proceedings, I mean, we wouldn't have to expressly say you're allowed to amend. We could just say it's not terminated. Well, I think in the interest of the possibility of further litigation on this issue, I think your honor is being very specific. If you're not going to do a clean remand, then I think you should be very specific about what you're remanding to the board to do and what you're allowing the board to do. Because I think that, as I said, this case has gotten messy following Gomez. And it's in everyone's interest, I think, to be very specific, though. Again, a clean remand, I think, is best overall. And I understand why the district doesn't want that. He wants that because he wants to have everything done. And I don't think Medina-Lara supports that position of his. So I do believe that a clean remand is best overall. Just quickly regarding the footnote in the answering brief, I believe the petitioner might misunderstand that. The issue there was that Herron Salinas controlled, at the time, the answering brief. There was no reason to remand at that time for further constitutional removability because the board was not equipped to address the clearly irreconcilable issue that this court dealt with in Gomez. Obviously, remand in some form is necessary at this point because this court has to send the case back to the board one way or the other. But at the time, the answering brief remand was not appropriate because Herron Salinas was the controlling precedent, as it was for the entirety of petitioner's removal proceedings. I'll also note petitioner's detention is not before this court. He has administrative remedies going. He has habeas remedies going. For this court to weigh in would be, I think, that third bite at the apple that Medina Lara shut down for DHS, allowing the petitioner to challenge his detention further when he's already well on his way to doing so would be inappropriate. I think if you do want to reach the merits of the petitions, the 2024 petition involving the discretion to title of the 212H waiver, this court clearly has no jurisdiction over it. I'm glad to address it if you want, but I don't believe any of those issues are sufficiently tolerable to grant the court jurisdiction. So if there are no further questions, I would conclude just that the ordinary remand rule controls here. Medina Lara does not say what petitioner thinks it says, and this case is distinguishable from it, and that the case ought to be remanded. I'll see the rest of my time back to the court. Great. Thank you. Thank you, your honors. This case has not been simple and clean since October of 2024 when petitioner raised his timely motion to reconsider based on Gomez 1. My friend on the other side concedes that they do not have an alternative argument as to why Gomez doesn't apply, and I think that is a fatal concession. There is nothing for the BIA to do when their only legal theory has failed. And under Chowdhury and that line of cases, it is not proper to make a determination based on hypothetical additional charges that the government might make. Judge Callahan and Saavedra Figueroa says that it is not proper to bring charges that you haven't alleged in the NTA when you had the opportunity to do that from the beginning. Ultimately, this court should be concerned with the government engaging in endless litigation. Like Medina Lara, it had, and Medina Lara said, if there is fair warning that you might lose on this issue, it is incumbent upon the government to raise alternative arguments. And Medina Lara is not the only case that doesn't remand back to the BIA when there's an intervening change in law, and is not the only case that resolved the matter even when things got a little bit messy. Fernandez-Ruiz, there was an intervening change in law that allowed for the modified categorical approach, presumably so that in an area where it would be more beneficial for the BIA to develop the record, but it didn't. Also in Gomez-Ponce v. Holder, the court said, we have applied this intervening precedent already in the immigration context, and it vacated. So I think that ultimately, the government should not be allowed to engage in endless litigation, where it pursues one narrow, that it thinks, clean grounds for removal, and then right at the end, when it realized it is going to lose, ask the court for a mulligan so it can go back and try again when it had that opportunity to begin with. Well, in, I'm looking at Medina Lara, it says one of the reasons why they didn't remand is because the government had an asserted a way would cure its deficiency on remand. Here, there does seem to be a way to cure the deficiencies by amending the NTA, right? Correct, but that, but the hypothetical possible other charges, this court has not remanded simply for the, simply for the government to try again. So it, and there's a, there's an issue of notice that the government pursued one legal theory and, you know, whatever, whatever alternative theories it might have under Al Mutareb, it chose to, it chose to pursue one, and it should accept the consequences of its litigation strategy just as any defendant would. Hmm. I don't know. Is that a due process argument? I don't, I don't, I, you know, I, I see what you're saying is of general fairness, but I'm not sure that's necessarily right under the law. Well, I think as a matter, I think, I think chowdery in that line of cases can be read for the proposition that, that a non-citizen should, should have notice of the legal theory that the government intends to pursue and not have to. Meaning that they can't amend it later. Then, but that doesn't explain why the government hasn't chose to file a, to try to reopen proceedings, to amend, to amend the NTA before. Gomez happened after, they didn't have authority to do that, right? But they could have had it when it back was the BIA. I mean, the, the BIA, it was firmly with the BIA Gomez one, and, and the same, the same analysis occurred in, in Gomez two. So there just isn't much of an excuse to, to wait on this when, when they had noticed that they were about to lose. As far as bringing an alternative argument later, Aguilar-Torcillos, that was also a case where it got messy. And that was where the government had pursued a claim under the uniform code of military justice. And, and towards the end, the government wanted to kind of re-up litigation on another, on an alternative theory. And the, and the court said, you can't do that this late. Would you have any objection to us ruling that Gomez applies and then remanding with saying we don't take a position on whether or not the government can amend the NTA? I think we would, we would prefer that the court direct the BIA to terminate because that is how the ordinary remand rule ordinarily plays out when it is a purely legal question that this court is, is best to respond to it. We do believe that petitioner would be prejudiced on remand because he is still in detention. And because we think that the government already had that opportunity to bring a claim that it had notice of from the very beginning. Okay, great. Thank you. Thank you both for the helpful advocacy and thank you, Mr. Davidson, you did a great job. I know you're a student and thank you, Mr. Knapp, for supervising pro bono. The case is your honor.
judges: LEE, BUMATAY, SUNG